UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DAMON W. CUFF,

Plaintiff,

v.

TOM BOEN-BOOM,
MISSION HEALTHCARE LLC,
WELCOV HEALTHCARE LLC,
*d/b/a Bethal Care Center,*
PAUL CONTRIS, ie. al.,
LISA DAVIDSON,
SARA JOHNSON,
MARIE BOUSQUET,
NANCY TRDERS,
JOHN DOE and
MARY ROE,

Defendants.

Civil No. 13-1047 (DSD/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff commenced this action on May 2, 2013, by filing his pending IFP application and a self-styled civil complaint. The Court reviewed Plaintiff's original complaint and determined that it was defective for several reasons. (See Order dated May 14, 2013;

[Docket No. 5].) Plaintiff was granted leave to file an amended complaint, and he did so on June 10, 2013. Thus, the matter is presently before the Court on Plaintiff's amended complaint, (Docket No. 7).

Plaintiff is attempting to sue two corporate nursing care entities – Welcove Health Care LLC, and Mission Health Care LLC, d/b/a Bethel Health Care Center. He is also attempting to sue several individuals allegedly employed by those two corporate Defendants.

Plaintiff alleges that on January 11, 2013, he was admitted to a facility operated by the corporate Defendants. (The amended complaint does not explain the reason for Plaintiff's admission.) While Plaintiff was being cared for at Defendants' facility, he allegedly developed ulcers and infections on several parts of his body. He alleges that he had a fever, and his ulcers and infections had a "foul decaying smell." Plaintiff and his family requested treatment for his medical condition, but the employees at Defendants' nursing care facility allegedly failed to provide the care that was needed. Eventually, Plaintiff's daughter insisted that Plaintiff be taken to a hospital for proper treatment of his various ulcers and infections.

Plaintiff is now seeking relief under 42 U.S.C. § 1983, claiming that his federal constitutional rights were violated by the various corporate and individual Defendants named in his amended complaint. He specifically claims that Defendants violated his constitutional rights under the Eighth Amendment, because they were deliberately indifferent to his serious medical needs. Plaintiff is seeking a judgment against Defendants for $15,000,000.00, plus additional punitive damages.

## II. DISCUSSION

If an IFP applicant files a complaint that fails to state a cause of action on which relief can be granted, the case will be summarily dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state a cause of action on which relief can be granted, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (emphasis added). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is attempting to sue the named Defendants under 42 U.S.C. § 1983 for allegedly violating his federal constitutional rights. To state an actionable § 1983 civil rights claim, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A civil rights claimant must plead facts showing each named defendant's personal

involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed to do, while acting under color of state law, that purportedly violated the plaintiff's federal constitutional rights. The "state action" requirement is critical, because it is well settled that "[o]nly state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001), cert. denied, 535 U.S. 1017 (2002).

Here, the Court finds that Plaintiff has failed to plead an actionable § 1983 civil rights claim because there are no allegations showing that Defendants violated Plaintiff's constitutional rights while acting under color of state law. Plaintiff has averred, in a purely conclusory manner, that Defendants were state actors when they allegedly failed to provide proper care and treatment for his medical needs, (Amended Complaint, [Docket No. 7], p. 5, ¶s 14-15), but he has alleged no facts to support that assertion. Evidently, Plaintiff believes that Defendants can be considered state actors for § 1983 purposes simply because nursing care facilities and other health care providers are regulated by various Minnesota state laws. (See id., p. 2, ¶ 2; p. 5, ¶ 13.) However, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974). "[T]he inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Id. at 351.

A private party does not become a state actor simply "because it is subject to extensive governmental regulation and licensing." Nichols v. Metropolitan Center for Independent Living, Inc., 50 F.3d 514, 518 (8th Cir. 1995). To maintain a § 1983 claim against a private party defendant, a plaintiff must show that the state exercised "direct government control" over either (a) the defendant itself, or (b) the defendant's conduct that allegedly violated the plaintiff's constitutional rights. Id.

In this case, Plaintiff has not alleged any facts showing that the State of Minnesota (or any other state) exercised "direct government control" over any of the named Defendants. Nor has Plaintiff alleged any facts showing that the State was directly responsible for any acts or omissions by Defendants that allegedly violated Plaintiff's constitutional rights. Plaintiff has alleged only that Defendants are subject to State regulation. That is not enough to show that Defendants are state actors for § 1983 purposes. See Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) ("although it is apparent that nursing homes in New York are extensively regulated, '[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State'") (quoting Jackson, supra). See also Nichols, 50 F.3d at 518 (private corporation that provided independent living services to handicapped persons was not a state actor, even though "it depends upon government for nearly all its funding;... it performs uniquely public functions; and ... it is subject to extensive governmental regulation and licensing").

In sum, Plaintiff has not alleged that any of the named Defendants is an agent or employee of the State of Minnesota. Nor has Plaintiff alleged any facts showing that the State of Minnesota was legally responsible for his alleged injuries, either (a) because the State exercises "direct government control" over Defendants, or (b) because Defendants'

allegedly wrongful acts or omissions were caused by the State's "direct government control." Having alleged no facts that could support the legal conclusion that Defendants should be treated as state actors for § 1983 purposes, the Court concludes that Plaintiff has failed to plead an actionable claim for relief under § 1983.

The Court further finds that even if one or more of the named Defendants were a state actor for § 1983 purposes, Plaintiff's current complaint still is fatally defective. The amended complaint plainly states that Plaintiff is attempting to sue Defendants for violating his constitutional rights under the Eighth Amendment. (Amended Complaint, p. 5, ¶ 14.) It is well settled, however, that only convicted criminal offenders can bring a civil rights claim based on the Eighth Amendment's "cruel and unusual punishments" clause.[1] "The Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,'... and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" Whitley v. Albers, 475 U.S. 312, 318-19, (1986), quoting Ingraham v. Wright, 430 U.S.651, 664, 671, n. 40 (1977). Plaintiff has not alleged that he was a convicted criminal who had been committed to Defendants' care and custody at the time of the events giving rise to his present lawsuit. Therefore, Plaintiff has no grounds for bringing a claim based on the Eighth Amendment. For this additional reason, the Court finds that Plaintiff has failed to plead an actionable civil rights claim.[2]

---

[1] Nothing in Plaintiff's complaint suggests that he could be attempting to bring any claim based on the Eighth Amendment's "excessive bail" or "excessive fines" clauses.

[2] It appears that if Plaintiff has any actionable claim against Defendants, it would have to be a state tort law claim for negligence or medical malpractice. However, any such claim would have to be brought in state court, rather than federal court. Moreover, if

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's amended complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed, and that Plaintiff's IFP application be denied, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: July 11, 2013

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 25, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

Plaintiff were to bring any such claim in state court, he presumably would have to comply with Minnesota's state statutes governing medical malpractice claims. See Minn.Stat. § 145.682.